IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SINDY KUBITSCHEK, as Administrator of the Estate of EDWARD W. SMITH, III, deceased,** )<br>)<br>)<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**SHELTER MUTUAL INSURANCE COMPANY,** )<br>)<br>)<br>**Defendant.** ) | CIVIL NO. 09-937-GPM |

# <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

This matter is before the Court sua sponte on the question of federal subject matter jurisdiction. *See Kuntz v. Illinois Cent. R.R. Co.*, 469 F. Supp. 2d 586, 588 (S.D. Ill. 2007) (quoting *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002)) ("Jurisdiction is the . . . power to declare law, . . . and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must.") (citation omitted). Plaintiff Sindy Kubitschek brings this action as the administrator of the estate of Edward W. Smith, III, against Defendant Shelter Mutual Insurance Company ("Shelter") alleging a claim for conversion and seeking an accounting together with unspecified equitable relief. This case was filed originally in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois. Shelter has effected timely removal of the case to this Court, and alleges the existence of federal subject matter jurisdiction in the case on the basis of diversity of citizenship.

The exercise of federal subject matter jurisdiction in diversity requires generally, of course, that the parties to a case must be of completely diverse state citizenship – in other words, no plaintiff may be a citizen of the same state as any defendant – and an amount in excess of $75,000, exclusive of interest and costs, must be in controversy. *See* 28 U.S.C. § 1332(a)(1); *Rubel v. Pfizer Inc.*, 361 F.3d 1016, 1017 (7th Cir. 2004); *Ursch v. Detailers & More, Inc.*, Civil No. 09-913-GPM, 2009 WL 3678254, at *1 (S.D. Ill. Nov. 3, 2009); *S.C. Johnson & Son, Inc. v. Buske*, Civil No. 09-286-GPM, 2009 WL 3010833, at *2 (S.D. Ill. Sept. 17, 2009); *Littleton v. Shelter Ins. Co.*, No. 99-912-GPM, 2000 WL 356408, at *1 (S.D. Ill. Mar. 9, 2000). Shelter, as the removing party, has the burden of proof as to the existence of federal subject matter jurisdiction in this case. *See Gowdy v. Caliber Auto Transfer of St. Louis, Inc.*, Civil No. 09-850-GPM, 2009 WL 3584254, at *1 (S.D. Ill. Oct. 27, 2009); *Stephens v. A.W. Chesterton, Inc.*, Civil No 09-633-GPM, 2009 WL 3517560, at *1 (S.D. Ill. Oct. 22, 2009); *Welch v. Norfolk S. Ry. Co.*, Civil No. 09-209-GPM, 2009 WL 2365596, at *1 (S.D. Ill. May 27, 2009). Here Shelter asserts that the jurisdictional amount in controversy is satisfied because Kubitschek's complaint prays for a judgment against Shelter in the amount of $225,000, and the Court accepts Kubitschek's estimation of the stakes in this case. *See O'Neill v. Pointer*, Civil No. 09-704-GPM, 2009 WL 3575267, at *2 (S.D. Ill. Oct. 26, 2009). As to complete diversity of citizenship, Shelter alleges that it is incorporated under Missouri law and has its principal place of business in Missouri, and thus is a citizen of Missouri for diversity purposes. *See* 28 U.S.C. § 1332(c)(1); *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986); *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 836 (S.D. Ill. 2006). Unfortunately, the allegations of Shelter's notice of removal fail to establish the citizenship of Kubitschek for diversity purposes.

The citizenship for diversity purposes of a person suing as the legal representative of the estate of a decedent is the citizenship of the decedent. *See* 28 U.S.C. § 1332(c)(2); *Bankcroft v. Bayer Corp.*, Civil No. 09-787-GPM, 2009 WL 3156706, at *2 n.1 (S.D. Ill. Sept. 29, 2009); *Mathes v. Bayer Corp.*, Civil No. 09-630-GPM, 2009 WL 2601364, at *1 (S.D. Ill. Aug. 24, 2009); *Pruitt v. Kelly Moore Paint Co.*, Civil No. 07-768-GPM, 2007 WL 4226068, at *1 (S.D. Ill. Nov. 13, 2007); *Clevenger v. Eastman Chem. Co.*, No. 07-cv-148-DRH, 2007 WL 2458474, at **4-5 (S.D. Ill. Aug. 24, 2007); *Yarber v. Mehta*, No. 06-cv-1018-JPG, 2007 WL 1169699, at *2 (S.D. Ill. Apr. 18, 2007). Thus, Kubitschek's citizenship for diversity purposes is that of her decedent, Edward W. Smith, III. Unfortunately, Smith's citizenship for diversity purposes is not clear from Shelter's notice of removal. The citizenship of a natural person for diversity purposes is determined by the state where the person is domiciled, that is, the state where the person is physically present with an intent to remain there indefinitely. *See O'Neill v. Pointer*, Civil No. 09-704-GPM, 2009 WL 3156687, at *1 (S.D. Ill. Sept. 25, 2009); *Strother v. Bayer Corp.*, Civil No. 09-740-GPM, 2009 WL 3065080, at *2 (S.D. Ill. Sept. 23, 2009); *Willis v. Greenpoint Mortgage Funding, Inc.*, Civil No. 09-593-GPM, 2009 WL 2475285, at *1 (S.D. Ill. Aug. 11, 2009); *Ball v. Ball*, Civil No. 09-405-GPM, 2009 WL 1515299, at *1 (S.D. Ill. June 1, 2009); *Kitson v. Bank of Edwardsville*, Civil No. 06-528-GPM, 2006 WL 3392752, at *6 (S.D. Ill. Nov. 22, 2006); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 832-33 (S.D. Ill. 2006). Shelter's notice of removal fails in its present state to establish complete diversity of citizenship in this case. Accordingly, Shelter must amend its notice of removal to identify the state of which Edward W. Smith, III, Kubitschek's decedent, was a citizen at the time of his death, meaning, as discussed, the state where Smith was domiciled at the time of his death.

To conclude, Shelter is **ORDERED** to file an amended notice of removal properly alleging the state citizenship of Kubitschek's decedent Edward W. Smith, III, for diversity purposes not later than 12:00 p.m. on Thursday, November 19, 2009.  Failure by Shelter to file an amended notice of removal as herein ordered will result in remand of this case to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, for lack of federal subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c); *Crumer v. Target Corp.*, Civil No. 07-836-GPM, 2007 WL 4373950, at *1 (S.D. Ill. Dec. 14, 2007); *Pruitt v. Kelly Moore Paint Co.*, Civil No. 07-768-GPM, 2007 WL 4225823, at *1 (S.D. Ill. Nov. 28, 2007).[1]

**IT IS SO ORDERED.**

DATED:  November 9, 2009

/s/ G. Patrick Murphy  
G. PATRICK MURPHY  
United States District Judge

---

1.  Importantly, Shelter's amended notice of removal must allege the state of which Edward W. Smith, III, was a citizen at the time of his death, not the state of which he was a resident at that time, as only allegations of a party's state citizenship, not state residence, are effective to invoke federal diversity jurisdiction.  *See Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir.  2000); *Starno v. Bayer Corp.*, Civil No. 09-821-GPM, 2009 WL 3257124, at *1 n.2 (S.D. Ill. Oct. 7, 2009); *Crumer v. Target Corp.*, Civil No. 07-621-GPM, 2007 WL 4225735, at *1 (S.D. Ill. Sept. 6, 2007). Also, the allegations of Shelter's amended notice of removal regarding Smith's state citizenship must be made not on "information and belief" but on personal knowledge.  *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *B & R Oil Co. v. Imperial Enters. of Illinois, LLC*, Civil No. 09-257-GPM, 2009 WL 1867677, at *2 (S.D. Ill. June 29, 2009); *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006); *Lyerla v. AMCO Ins. Co.*, 462 F. Supp. 2d 931 (S.D. Ill. 2006).